IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JAMES CURRY, # T5448**                                                                **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 4:13cv183-DPJ-FKB**

**EMCF HOST REMEDIES, et al.**                                                        **DEFENDANTS**

## ORDER

Before the Court are *pro se* Plaintiff James Curry's Motions for Reconsideration [6, 8, 9, 12, 14] and his Motions to Amend Motion for Reconsideration [10, 11], which the Court construes as motions to reconsider. Curry is incarcerated with the Mississippi Department of Corrections. On November 26, 2013, the Court denied him permission to proceed *in forma pauperis* and dismissed this case without prejudice. Fifteen days later, Curry filed the Notice of Appeal [5] and the first motion asking for reconsideration. Then, on December 31, the Court received the next three motions. On January 7, 2014, he filed the fifth and sixth such motions. Finally, on January 24, Curry filed the latest Motion for Reconsideration. For the reasons set forth below, the motions are denied. The case is alternatively dismissed as duplicative of other cases Curry has pending before the Court.

**I.       Reconsideration**

      **A.       First Motion for Reconsideration**

The first motion for reconsideration was docketed by the Clerk of Court as an Affidavit of Oath [6]. But the document—filed with the Affidavit—is clearly styled as a Motion for

Reconsideration.[1]  Because this motion was filed within 28 days of the Final Judgment, this motion shall be treated as one under Rule 59(e).  Fed. R. Civ. P. 59(e); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989).

A Rule 59(e) motion to alter a judgment should not be granted unless there is: (1) an intervening change in controlling law; (2) new evidence that could not have been diligently discovered earlier; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003).  Motions for reconsideration are not to be used to relitigate old matters or to present evidence that could have been raised prior to entry of judgment.  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).  "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  *Atkins v. Marathon Le Torneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

In general terms, Curry sought relief under § 1983 for Defendants' alleged failure to protect him.  Curry now challenges the Court's finding that he was not in imminent danger.  As for Curry's objections specific to this case, he first says he was threatened by an unspecified person on November 21, 2013.  Curry alternately claims to have been beaten eight and four times since he has been to prison.  Pl.'s 1st Mot. for Recons. [6] at 1, 2, 4.  He also claims that no matter what unit he is moved to or what prison—other than prisons in Chickasaw or Monroe County—he has to pay gang members, or they will attack him.  He further contends that he was

---

[1] It references not only the dismissal in this case, but those in *Curry v. EMCF MDOC Director*, 4:13cv163-HSO-RHW (S.D. Miss. Nov. 8, 2013) (Ozerden, J.), and *Curry v. Gradie*, 4:13cv144-HTW-LRA (S.D. Miss. Sept. 30, 2013) (Wingate, J.), as well.

assaulted, on June 25 and August 21, 2013, by officers, because he asked for protective custody. These are new arguments brought for the first time on reconsideration, most of which could have been raised in his complaint and IFP motion.[2] His original Complaint, signed November 12, 2013, claimed four attacks, only two of which he would specify, and he made no allegations of extortion. Curry fails to point to an error of fact or law in the denial of pauper status.

### B. Second, Fourth, and Fifth Motions for Reconsideration

The second, fourth, and fifth motions [8, 10, 11] for reconsideration are all unsigned. Because they are unsigned, they do not comply with Federal Rule of Civil Procedure 11(a). The Court notes, however, that the first is an identical copy of the first six pages of the sixth Motion for Reconsideration [12]. The remaining unsigned motions are identical copies of page two of the seventh Motion for Reconsideration [14]. Rather than require Curry to cure the defects, the unsigned motions will be rejected as duplicative. The first, third, and fourth motions for reconsideration are therefore denied.

### C. Third Motion for Reconsideration

The third motion [9] was purportedly signed on December 19, 2013, but it was not received by the Court until December 31. No envelope accompanies the motion on the docket. The Court takes judicial notice that the Court received another lawsuit from Curry on December 31, with a motion to proceed *in forma pauperis* also purportedly signed on December 19, 2013. *Curry v. EMCF Staffs Host*, 3:13cv811-CWR-FKB at [1, 2] (S.D. Miss.). The envelope in that case shows it was mailed on December 20. The Court therefore finds this motion was also

---

[2] Dismissal was also without prejudice, so Curry could have refiled his claims. *See* Final Judgment [4].

submitted for mailing on December 20.

Because this was filed, per the prison mailbox rule, within 28 days of the Final Judgment, this motion shall be treated as one under Rule 59(e). This motion is a duplicate of page two of the first motion for reconsideration, which has already been rejected above.

### D. Sixth Motion for Reconsideration

Since Curry filed the sixth Motion for Reconsideration [12] more than twenty-eight days after the Final Judgment, this motion shall be treated as arising under Rule 60.[3] Fed. R. Civ. P. 59(e); *Forsythe*, 885 F.2d at 288. Under this rule, the:

> court may relieve a party . . . from a final judgment . . . for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In this motion, Curry once again claims that he is only safe in Chickasaw or Monroe County prisons because everywhere else he is subject to the violence from an alleged extortion

---

[3] To the extent the first six pages are duplicates of the second motion [8], they are likewise denied pursuant to Rule 59.

4

scheme. He once again claims that he was beaten eight times. He also claims that "[r]ight now today" the prison staff is "still trying to put me back on Unit 4 . . . where I was assaulted and threaten[ed] . . . ." Pl.'s 6th Mot. for Recons. [12] at 4. He further alleges that Captain Thomas is a gang member. Curry then adds new allegations of alleged assaults, and he claims that they are due to the alleged extortion scheme and for "retaliation for prior litigation." *Id.* at 6. These are all new arguments and allegations that were not in his Complaint or motion to proceed *in forma pauperis*. Therefore, he fails to demonstrate that the Court erred in its assessment of a lack of imminent danger.

    E.    **Seventh Motion for Reconsideration**

Finally, the seventh Motion for Reconsideration [14] was likewise filed outside of the twenty-eight day period following the judgment in this case. Therefore, it is a motion filed pursuant to Rule 60.[4]

Curry now claims to have been assaulted ten times. He gives no specifics. He also claims that on January 5 through 24, 2014, trash has been lined up on the zone. He claims that on Christmas Day, officers poisoned his food and then "getting [sic] inmate to jump on me." Pl.'s 7th Mot. for Recons. [14] at 12. These are all new allegations brought for the first time on the seventh Motion for Reconsideration. Additionally, the alleged incidents that occurred after the Complaint do not suffice to demonstrate that Curry was in imminent danger at the time of the Complaint.

The remainder of this particular motion is a copy of the sixth Motion for Reconsideration

---

[4]To the extent page two is a duplicate of the fourth and fifth motions [10, 11], it is likewise denied per Rule 59.

[12]. The remaining arguments are therefore denied as duplicative and for the same reasons they were denied above.

## II. Alternative Dismissal as Duplicative

Even if the Court were inclined to grant Curry's motions for reconsideration, this case would be dismissed on the independent and alternative ground that it is duplicative. Curry's claims are identical to those raised in three other lawsuits, one before Judge Sul Ozerden and two before Judge Carlton Reeves.[5] And in the two cases before Judge Reeves, Curry was granted IFP status, and his claims are proceeding. *See Curry v. EMCF Host Remedies*, No. 3:13cv1068-CWR-FKB at [12]; *Curry v. EMCF Staffs Host*, No. 3:13cv811-CWR-FKB at [10]. His claims are therefore ripe for dismissal as duplicative and malicious under 28 U.S.C. § 1915(e)(2)(B). *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) ("A case is malicious if it is duplicative of a pending or previous lawsuit." (citing *Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993) (affirming dismissal of *pro se* IFP complaint as repetitive and malicious))).

## III. Conclusion

Curry presents no basis for reconsideration of the Order Denying *in Forma Pauperis* Status and Dismissing Case Without Prejudice [3]. Moreover, he is proceeding on his claims in two other cases pending before Judge Reeves.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, *pro se* Plaintiff James Curry's Motions for Reconsideration [6, 8, 9, 12, 14] and Motions to Amend Motion for Reconsideration [10, 11], which the Court construes as motions for

---

[5] *Curry v. EMCF Host Remedies*, No. 3:13cv1068-CWR-FKB (S.D. Miss.); *Curry v. EMCF Staffs Host*, No. 3:13cv811-CWR-FKB (S.D. Miss.); *Curry v. EMCF MDOC Director et al.*, No. 4:13cv163-HSO-RHW (S.D. Miss.).

reconsideration, should be and are hereby **DENIED**

       **IT IS FURTHER ORDERED AND ADJUDGED** that this case is dismissed as duplicative of the claims proceeding before Judge Reeves.  Dismissal is without prejudice as to Curry's prosecution of his claims before Judge Reeves; dismissal is otherwise with prejudice.

       **SO ORDERED AND ADJUDGED** this the 29th day of May, 2014.

                                    s/ *Daniel P. Jordan III*
                                      UNITED STATES DISTRICT JUDGE